IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RONALD EVERETT NEWTON, 1299706, ) | |
| Plaintiff, ) | |
| v. ) | No. 3:12-CV-3397-N |
| ) | |
| CRAIG WATKINS and RUSSELL WILSON, II, ) | |
| Defendants. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I.     FACTUAL BACKGROUND**

Plaintiff alleges Defendants violated his civil rights under 42 U.S.C. § 1983. Defendants are Dallas County District Attorney Craig Watkins and Assistant District Attorney Russell Wilson, II. Plaintiff is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*.

In 2005, Plaintiff was charged with aggravated robbery in cause number F05-00428-VT. On April 22, 2005, the court found Plaintiff guilty of the less-included offense of aggravated assault with a deadly weapon and sentenced him to twenty-five years in prison.

In this complaint, Plaintiff argues he was found not guilty of aggravated robbery, so he is entitled to injunctive and declaratory relief finding him "not guilty" in his criminal case.

## II.     DISCUSSION

### 1. Screening

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*. at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*" Ashcroft v. Iqbal*, 556 U.S. 162, 129 S.Ct. 1937, 1949 (2009).  While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions.  *Twombly*, 550 U.S. at 555.

### 2.     *Heck v. Humphrey*

The Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), holds that a prisoner cannot bring a § 1983 action challenging his conviction or confinement unless and until the reason for his continued detention has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court.

Plaintiff has not shown that his conviction under cause number F05-00428-VT for aggravated assault with a deadly weapon has been reversed, expunged or declared invalid by a state or federal court.  Hence, no § 1983 cause of action has yet accrued and these claims should

be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (stating dismissal should be with prejudice until *Heck* conditions are met).

## **RECOMMENDATION**

The Court recommends that Plaintiff's complaint be dismissed with prejudice until the *Heck* conditions are met.

Signed this 14th day of November, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).